## Case No. 16,351.

### UNITED STATES v. SNYDER.

[4 Wash. C. C. 559.] [1]

Circuit Court, E. D. Pennsylvania. Oct., 1825.

INTERNAL REVENUE COLLECTORS—OFFICIAL BONDS.

How far a collector of internal taxes and duties is liable upon his official bond, for bonds for internal duties not collected; and how far he is bound by the treasury statement which charges him with those bonds.

[Cited in Lee v. Fontaine, 10 Ala. 755; Hancock v. Hazzard, 66 Mass. (12 Cush.) 113.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of William Peters, Jr., Esq.]

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

This was an action of debt brought in the district court. upon the official bond given by the defendant, conditioned for the faithful discharge of the duties of his office, as collector of the internal taxes and duties, in the Twelfth district of Pennsylvania, and for collecting and paying over the said taxes and duties. The demand was founded on a statement from the treasury department, of certain uncollected bonds and duties due within this district. These bonds, or most of them, had been placed in the hands of an attorney for collection and suit, by a preceding collector, with the approbation of the commissioner of the revenue, by whom his compensation was fixed. Whether the collection of any of the uncollected bonds and duties, and if any, to what amount, was entrusted to that attorney by the defendant, does not distinctly appear. By the instructions of the commissioner of the revenue to the different collectors, bearing date the —— day of June, 1814, they are directed to commence prosecutions in the state courts, where the district court of the United States is beyond a certain distance, and if the attorney of the district be too remote, and has appointed no deputy to act for him, then, and then only, the collectors are authorised to employ any other respectable attorney, who is to receive a reasonable compensation for his professional services. It is then added, "It may be advisable to employ an attorney, with the understanding that he shall have all the business of the collector." The subsequent instructions of the 8th of April, 1815, after referring to the act of congress of the 3d of March, 1815 [3 Stat. 231], say, that this act will, after the district attorney has appointed his deputies, supersede the employment of other counsel, except where they may be specially employed by the treasury department. "In pending suits," they add, "it will be proper not to disturb the course that may have been pursued."

C. J. Ingersoll, U. S. Dist. Atty.

Mr. Kittera, for defendant.

BY THE COURT. The judge of the district court, in his charge to the jury, stated, that the collector, by his bond, and the duties it guarantied, was not charged with the uncollected bonds and duties as a debtor, but merely with the collection of them, upon the same principles as other agents, acting with ordinary care and diligence. That the collecting officers were put under the superintendence of the commissioners of the revenue, who had power to make suitable regulations; as they did make. That the defendant, when he went into office, found that his predecessor had employed an attorney to sue the uncollected bonds, and this by the direction of the commissioner of the revenue. He then concludes by saying, that if the jury

were satisfied of the facts, and that a special agent or attorney was employed by direction of the treasury officer, the defendant was not responsible for more than ordinary care and diligence in superintending the collection of the debts, and urging on such attorney; and that under any circumstances, he was not to be debited with the debts at all events, except such as were received by him; and that upon the facts above stated, if found by the jury, the verdict ought to be for the defendant.

The first point of law decided in this charge was, that the bonds debited by the treasury department to the defendant, did not thereby constitute the latter a debtor, at all events, to the United States to their amount, but that he was placed thereby, and by his own bond, and the duties of his office in the predicament of an agent, who is bound to use ordinary care and diligence in collecting their amount, and, when collected, to pay them over. In this decision, I entirely concur. The practice of charging the collectors of these taxes and duties, with the whole amount due by their respective districts, is, I presume, a mere treasury arrangement, as I understand the twenty-seventh section of the act of the 22d of July, 1813 [3 Stat. 33], to be confined to the internal taxes; and I can find no similar provision in any other act of congress, in relation to the collectors of the internal duties, or to those officers generally. If that section applied to the collection of the tax on stills, the subject of the present controversy, it would support the principle of law laid down by the district judge, but then the relief provided by it for the collector, could only be afforded by the comptroller. The principle then, being a reasonable and just one, and consistent with the general rules of law in relation to agents, and the above section not applying to the internal duties, I can perceive no objection to this part of the opinion of the district court.

But be this as it may, the material part of the charge was, that, if the jury were satisfied, that when the defendant went into office, he found that a certain attorney had been employed by his predecessor, to put in suit these bonds, (meaning the bonds for the amount of which the suit was brought) by direction of the commissioner of revenue; then the defendant was not responsible for more than ordinary care and diligence, in superintending the collection; and I think it must be agreed by all, that to make the collector responsible, in such a case, for the amount of those bonds, would be to outrage every principle of justice, which no court could sanction, unless compelled to do so by some positive statute. By the act of July, 1813,

it is declared that there shall be an officer in the treasury department, to be denominated "commissioner of the revenue," for superintending the collection of the direct tax and internal duties, who shall be charged, under the direction of the head of that department, with certain specific duties, and amongst them, with that of superintending generally all the officers employed in assessing and collecting the said taxes and duties. In the execution of the powers thus conferred on that officer, he issued to all the collectors under his control the instructions, which have before been adverted to; whereby they were authorised, in case the district attorney resided too remotely from their respective collection districts, and had appointed no deputy to act for him, to employ any other attorney to sue for the taxes and duties which have become due; and to do this, with an understanding, that he should have all the business of such collector. It is admitted, in this case, that the district attorney lived too remote from the Twelfth collection district to attend to the business of the collection of it, and that he had appointed no deputy to represent him. In consequence of these circumstances, the predecessor of the present collector employed an attorney to sue the bonds which had been taken, which attorney was approved of, and his compensation fixed upon, by the commissioner of the revenue. That this officer had a power to give these instructions and to authorise the acts done by the collector alluded to, is unquestionable; and if this be so, upon what principle is it that the present collector can be made responsible for the amount of the bonds which, with the approbation of an authorised officer of the government, had been placed in the hands of an attorney for suit and collection, previous to his coming into the office. He could not withdraw the bonds from the hands of the attorney without a violation of the engagement made with him, "that he should have all the business of the collector." And, if they were in suit, which is highly probable, he would by doing so, have acted in opposition to that part of the instructions of the 8th of April, 1815, which states, that "in pending suits, it will be proper, not to disturb the course that may have been pursued." The creation of a commissioner of the revenue, for the purpose of superintending the collection of those portions of the public revenue, and of the officers employed in their collection, was no doubt done for wise and useful purposes; and in obeying his instructions, the collectors acted as duty required, and can upon no just or legal principle, be responsible for the consequences of those acts.

The judgment must be affirmed.